IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| RICKEY GATES | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  7:22-cv-168 |
| | § | |
| ARROW FLETCH TRANSPORTATION, LLC, | § | |
| TOTAL SOLUTION EXPRESS, LLC AND | § | |
| HASSAN IBRAHIM A/K/A ABDI LIBAN | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, RICKEY GATES, (hereinafter referred to as "PLAINTIFF"), and files this his Original Complaint complaining of ARROW FLETCH TRANSPORTATION, LLC, TOTAL SOLUTION EXPRESS, LLC and HASSAN INRAHAM a/k/a ABDI LIBAN (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

## I.
## JURISDICTION AND VENUE

(1)     This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.  The Plaintiff is a citizen of the State of Texas and resides and is a permanent resident at 7754 Buchanan Drive in Texarkana, Bowie County, Texas 75501. Defendant, ARROW FLETCH TRANSPORTATION, LLC, is a foreign limited liability company, organized and formed in the State of Ohio, is not a citizen of the State of Texas and has as its

principal place of business 2573 Satyr Hill, Columbus, OH 43219. No members of ARROW FLETCH TRANSPORTATION, LLC are residents of Texas. Defendant, TOTAL SOLUTION EXPRESS, LLC., is a foreign limited liability company, organized and formed in the State of Ohio, is not a citizen of the State of Texas and has as its principal place of business 4889 Sinclair Road, Suite 203, Columbus, OH 43229. No members of TOTAL SOLUTION EXPRESS, LLC is a resident of Texas. Defendant, HASSAN IBRAHIM a/k/a ABDI LIBIAN, is not a citizen of the State of Texas and is a citizen of the state of Ohio residing at 1328 Cascade Court, Columbus, OH 43204.

(2)      Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

(3)      The Plaintiff is a resident of Bowie County, Texas.

(4)      The Defendant, ARROW FLETCH TRANSPORTATION, LLC is a foreign Limited Liability Company organized and existing under the laws of Ohio and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, Ali A Ali at 2573 Satyr Hill, Columbus, OH 43219 via certified mail, return receipt requested.

(5)    The Defendant, TOTAL SOLUTION EXPRESS, LLC is a foreign Limited Liability Company organized and existing under the laws of Ohio and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to its registered agent, Maulid G. Mohammed at 4425 Calderwood Drive, Columbus, OH 43229 via certified mail, return receipt requested.

(6)    Defendant, HASSAN IBRAHIM a/k/a ABDI LIBAN, is an individual residing at 1328 Cascade Court, Columbus, OH 43204, and is at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code.  Defendant, HASSAN IBRAHIM a/k/a ABDI LIBAN, may be served with process by serving him pursuant to the Texas Long Arm Statute §17.044 and §17.061 of the Texas Civil Practice and Remedies Code by serving the Chairman of the Texas Transportation Commission via certified mail, return receipt requested and with instructions that the Chairman of the Texas Transportation Commission shall then forward a duplicate copy of process and the suit papers to HASSAN IBRAHIM a/k/a ABDI LIBAN via certified mail, return receipt requested to his residence of at 1328 Cascade Court, Columbus, OH 43204.

### III.
### FACTUAL ALLEGATIONS

(7)    On or about April 2, 2022, Plaintiff, RICKEY GATES, was operating a 2009 Business and Coach International Tractor Truck bearing VIN #3HSCHAPR69N095739 and bearing

License Plate # LA P267955 in a safe and prudent manner while traveling in the right westbound lane on Interstate Highway 20 in Midland County, Texas. The Defendant, HASSAN IBRAHIM a/k/a ABDI LIBAN, an employee of the Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC was operating a 2017 Freightliner  Tractor Truck bearing VIN # 3AKJGLDR0HSJH7354 and bearing Ohio License Plate # PWR6257 while towing a 2016 Vanguard National Trailer, model unknown bearing VIN # 5V8VC5326GM608015 and bearing Maine License Plate # 2685617, failed to yield the right of way, and failed to maintain a proper lookout causing the truck and trailer that he was operating to collide with the vehicle that Plaintiff, RICKEY GATES, was operating. As a result of the collision in question, Plaintiff sustained severe permanent and disabling injuries.

(8)     At the time of the collision in question, the Defendant HASSAN IBRAHIM a/k/a ABDI LIBAN was driving with permission, in the course and scope of his employment with his employer, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC.

(9)     At all times relevant to this lawsuit, Defendants employee, HASSAN IBRAHIM a/k/a ABDI LIBAN, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(10)     At all times relevant to this lawsuit, Defendant, ARROW FLETCH TRANSPORTATION, LLC, and TOTAL SOLUTIONS EXPRESS, LLC were "motor carriers" as per 49 C.F.R. parts 383, 387, and 390-399.

(11)     At all times relevant to this lawsuit, Defendant, ARROW FLETCH TRANSPORTATION, LLC, and TOTAL SOLUTIONS EXPRESS, LLC were "motor carriers" as defined by 49 U.S.C. §13102(14).

(12)    At all times relevant to this lawsuit, Defendant, ARROW FLETCH TRANSPORTATION, LLC,  and TOTAL SOLUTIONS EXPRESS, LLC were "employers" as defined by 49 C.F.R. §390.5.

(13)    At all times relevant to this lawsuit, HASSAN IBRAHIM a/k/a ABDI LIBAN, was an "employee" of Defendant, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC, as per 49 C.F.R. §390.5.

(14)    Further, at the time the accident made the basis of this lawsuit and at all times material hereto, HASSAN IBRAHIM a/k/a ABDI LIBAN, was an employee of Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC, and operating a commercial motor vehicle on behalf of Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC under and by the authority of Defendant, ARROW FLETCH TRANSPORTATION, LLC's Federal DOT number 372533 and TOTAL SOLUTION EXPRESS, LLC's Federal DOT Number 02313672.

## IV.
## CAUSE OF ACTION: DEFENDANT HASSAN IBRAHIM A/K/A ABDI LIBAN

(15)    Plaintiff incorporates by reference paragraphs 1 through 16 above.

(16)    Plaintiff alleges that the Defendant, HASSAN through his acts and omissions, was negligent and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of the Defendants:

- A.  In failing to yield the right of way.
- B.  In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.
- C.  In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

D.  In failing to move the vehicle appropriately to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstance;

E.  In traveling at an excessive rate of speed as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;

F.  In failing to apply his brakes as would have done by a person exercising ordinary care and prudence under the same or similar circumstances;

G.  In failing to maintain an assured clear distance between Defendant's vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances.

H.  Negligent in other respects.

(17)    Defendant's employee, HASSAN IBRAHIM a/k/a ABDI LIBAN's acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se[1]. In this regard, HASSAN IBRAHIM a/k/a ABDI LIBAN, violated the standards of conduct set forth in Tex. Trans. Code §545.351 (b), 545.062(a), 545.351(b). Plaintiff further states that the Defendant's employee, HASSAN IBRAHIM a/k/a ABDI LIBAN's acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

**V.**
**CAUSE OF ACTION:  DEFENDANT ARROW FLETCH TRANSPORTATION, LLC AND TOTAL SOLUTION EXPRESS, LLC**

(18)    Plaintiff incorporates by reference paragraphs 1 through 17 above.

(19)    Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant HASSAN IBRAHIM a/k/a ABDI LIBAN was, and is considered a statutory employee of Defendants ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC pursuant to 49 §14102 of the United States Code and also per 49

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Texas law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto, was required to adhere to and a violation of same would have constituted negligence under common law.

C.F.R. §390.5 and contends that Defendants ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC are vicariously liable for all negligent and grossly negligent acts and/or omissions of their employee driver.

(20)    Plaintiff would further show that at the time of the accident made the basis of this lawsuit, HASSAN IBRAHIM a/k/a ABDI LIBAN, was an employee of Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC and acting within the course and scope of his employment for Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC, and in the furtherance of the business interest and pursuits of said Defendants.   In this regard, Plaintiff hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of HASSAN IBRAHIM a/k/a ABDI LIBAN is imputed to Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC, and Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC, are vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(21)    Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, HASSAN IBRAHIM a/k/a ABDI LIBAN, was, and is considered a statutory employee of Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC, pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC is vicariously liable for all negligent and grossly negligent acts and/or omissions of its employee driver.

(22)    Plaintiffs would further show that prior to the time the collision occurred, Defendant, ARROW FLETCH TRANSPORTATION, LLC, and Defendant TOTAL SOLUTION EXPRESS, LLC were the owners and/or was in possession, custody and control of the truck tractor driven by HASSAN IBRAHIM a/k/a ABDI LIBAN, on the date of the accident made the basis of this lawsuit.  On or about April 2, 2022, Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC, directed HASSAN IBRAHIM a/k/a ABDI LIBAN, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, HASSAN IBRAHIM a/k/a ABDI LIBAN, operated said vehicle with the knowledge, consent and permission of Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC.

## VI.
## NEGLIGENT AND GROSS NEGLIGENT ENTRUSTMENT

(23)    Plaintiff would further show that Defendant, ARROW FLETCH TRANSPORTATION, LLC, and Defendant TOTAL SOLUTION EXPRESS, LLC were the owners and/or were in possession, custody and control of the truck tractor driven by HASSAN IBRAHIM a/k/a ABDI LIBAN, at the time of the accident made the basis of this lawsuit. Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SPOLUTION EXPRESS, LLC were negligent in entrusting the vehicle to HASSAN IBRAHIM A/K/A ABDI LIBAN, who was a careless, incompetent and reckless driver.  Defendant, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SPOLUTION EXPRESS, LLC knew or should have known that HASSAN IBRAHIM A/K/A ABDI LIBAN, was a careless, incompetent and reckless driver.  ARROW FLETCH TRANSPORTATION, LLC and TOTAL SPOLUTION EXPRESS, LLC were negligent in entrusting the vehicle to its employee, HASSAN IBRAHIM A/K/A ABDI LIBAN, which in turn was a

proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiff.

**VII.**
**NEGLIGENT AND GROSS NEGLIGENT**
**HIRING, RETENTION, TRAINING AND CONTROL**

(24)   Plaintiff further alleges that Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC. through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC.:

> a.   In hiring and/or retaining its employee driver;
>
> b.   In allowing its employee to drive the vehicle in question; and
>
> c.   In failing to instruct, supervise, and control its employee driver.

**VIII.**
**MALICE**

(25)   Plaintiff further alleges that Defendants, ARROW FLETCH TRANSPORTATION, LLC and TOTAL SOLUTION EXPRESS, LLC., by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff.  Plaintiff further alleges that the

Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff.  Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## IX.
## DAMAGES

(26)    Plaintiff, RICKEY GATES, damages include past, and probable future loss, which includes:

> a.  Pain and mental anguish;
> b.  Physical and mental impairment
> c.  Disfigurement;
> d.  Loss of Wages;
> e.  Loss of Wage Earning Capacity; and
> f.  Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(27)    Plaintiff respectfully requests a trial by jury on all issues.

(28)    Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*s/Joe M. Worthington*

Jimmy M. Negem, Sr.
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem, Jr.
State Bar No. 24115371
Nicholas M. Negem
State Bar No. 24123713
Negem & Worthington
1828 E SE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
Joe@Negemlaw.com

ATTORNEYS FOR PLAINTIFF